```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                         PORTLAND DIVISION
```

**LENNIE TY DAVIDSON,**                    3:10-CV-725-ST

        Petitioner,              ORDER

v.

**STATE OF OREGON, et al.,**

        Respondents.

**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#27) on July 7, 2011, in which she recommends the Court deny Petitioner Lennie Ty Davidson's Third Amended Petition (#14) for Writ of Habeas Corpus, dismiss this matter with prejudice, and decline to issue a Certificate of Appealability. Petitioner filed timely Objections to the Findings and

1 - ORDER

Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

I. **Portion of the Findings and Recommendation to which Petitioner objects.**

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

   A. **Background**

At some point a state-court grand jury indicted Petitioner on two counts of Burglary in the First Degree, one count of Robbery in the Third Degree, and one count of Theft in the Second Degree.  Petitioner's trial counsel obtained a psychiatric evaluation of Petitioner from Les Goldman, Ph.D., in order to assess a defense of insanity or temporary insanity.  Dr. Goldman opined Petitioner was unable to conform his behavior to the requirements of the law.  The prosecution also obtained a psychiatric evaluation of Petitioner from Anne-Marie Smith, M.D., who, in contrast, opined Petitioner was able to conform his behavior to the requirements of the law.

According to an affidavit filed with the state Post-Conviction Relief (PCR) court, Petitioner's trial counsel reviewed Dr. Smith's report with Dr. Goldman.  Dr. Goldman

2 - ORDER

"agreed it was not a very strong defense and that he would have to testify it was marginal." Trial counsel testified in his affidavit that he advised Petitioner as to Dr. Smith's opinion and Dr. Goldman's reaction, and, as a result, Petitioner elected to plead guilty to two counts of Burglary in the First Degree. On November 16, 2007, Petitioner entered his plea.

On November 19, 2007, Petitioner appeared for sentencing and moved to withdraw his guilty plea on the ground that he did not realize at the time he entered his plea that he could have and/or wanted to present a defense of temporary insanity to a jury. Petitioner also asked for new counsel. The trial court denied both motions.

Petitioner did not file a direct appeal, but he filed a petition for writ of habeas corpus in Marion County Circuit Court in which he alleged, among other things, a claim for ineffective assistance of counsel on the ground that "trial counsel failed to allow Petitioner an opportunity for a jury trial and coerced a plea of guilty."

On July 8, 2009, the state PCR court held a court trial on Petitioner's habeas petition at which Petitioner testified by declaration that his trial counsel did not discuss the possibility of presenting a defense of temporary insanity and scared Petitioner into pleading guilty by focusing on Petitioner's possible sentence if he was convicted at trial.

3 - ORDER

Petitioner further testified in his declaration that trial counsel did not discuss with him the opinions of Drs. Goldman and Smith, and the choice of going to trial or pleading guilty came up "very suddenly" leaving him little time to consider the consequences of his decision. Trial counsel, in turn, testified in an affidavit that he discussed Petitioner's options and the reports of Drs. Goldman and Smith and advised Petitioner that the insanity defense was weak in Petitioner's case. Trial counsel also testified in his affidavit that after this discussion, Petitioner believed his best choice was to plead guilty.

On September 3, 2009, the state PCR court issued Findings of Fact and Conclusions of Law in which it found Petitioner was not a credible witness and that Petitioner's "claim that trial counsel never discussed with him the results of the evaluations from [Dr. Smith] and Dr. Goldman is not credible." The state PCR court concluded Petitioner freely and knowingly entered his guilty plea and did not suffer from ineffective assistance of counsel. Accordingly, the state PCR court denied Petitioner relief.

On June 24, 2010, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to § 2254 in this Court alleging, among other things, a claim for ineffective assistance of counsel on the ground that trial counsel failed to adequately investigate and to prepare a defense of guilty except for insanity or temporary insanity. As a result, Petitioner involuntarily

4 - ORDER

entered his guilty plea.

    As noted, on July 7, 2011, the Magistrate Judge issued Findings and Recommendation in which she recommends the Court deny the Third Amended Petition for Writ of Habeas Corpus because, among other things, the state PCR found Petitioner's testimony and his claim that trial counsel failed to discuss with him the results of the evaluations of Drs. Goldman and Smith were not credible, and, pursuant to 28 U.S.C. § 2254(e)(1), the PCR court's credibility determination is binding on this Court absent clear and convincing evidence to the contrary.

    **B.   Analysis**

        Petitioner objects to the Magistrate Judge's finding that the state PCR court's credibility determination is binding on this Court on the ground that the state PCR court did not hold an evidentiary hearing before reaching its credibility determination. Petitioner asserted this same argument in his Third Amended Petition, but he did not cite any authority to support that position. In his Objections, Petitioner cites two cases to support his position: *Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003) and *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004). The Court finds neither of these cases provides a basis to modify the Findings and Recommendation.

        In *Nunes*, the petitioner was charged, among other things, with one count of murder. 350 F.3d at 1049. In

5 - ORDER

petitioner's first two trials, the jury hung on the charge of murder. In his third trial the jury found the petitioner guilty of second-degree murder, but the conviction was reversed on appeal. *Id*. Shortly before the petitioner's fourth trial on the murder charge, the prosecutor made a plea offer to the petitioner's attorney that the petitioner plead guilty to voluntary manslaughter, waive all presentence credits on that voluntary manslaughter charge, and serve a sentence of 11 years. *Id.* at 1050. In exchange the prosecutor would drop the second-degree murder charge, dismiss the firearm enhancement, and seek full credit for the time the petitioner had already served. *Id*. The petitioner's counsel met with the petitioner briefly to discuss the plea offer. According to the petitioner, his attorney incorrectly advised him that he was being offered a 22-year sentence that included the firearm enhancement and waived all presentence credits for time served. *Id*. The petitioner alleged he asked counsel to clarify the offer, but counsel had already told the prosecutor that the petitioner had rejected the plea bargain. *Id*. At some point before trial the petitioner's mother told him the plea offer was different than the petitioner had been led to believe, but the petitioner was not able to talk with his attorney until after the plea offer had expired. *Id*. In his fourth trial the petitioner was convicted of second-degree murder and received a sentence of 15 years-to-life with a two-

6 - ORDER

year enhancement for the use of a firearm. The petitioner filed a direct appeal and then a state-court petition for PCR in which he claimed he had received ineffective assistance of counsel when counsel failed to correctly inform him of the terms of the plea offer. The state PCR court "rejected" the petitioner's habeas claim without an evidentiary hearing on the ground that the petitioner had not made a *prima facie* case of prejudice. *Id*. The petitioner then filed a petition for writ of habeas corpus pursuant to § 2254 in federal court. The district court granted the petition on the ground that the state-court's decision was erroneous and contrary to federal law. *Id*. The government appealed. The Ninth Circuit affirmed the district court's decision, but on the basis that the state court's decision was objectively unreasonable. *Id*. at 1056. The Ninth Circuit reasoned:

> State court findings are generally presumed correct unless they are rebutted by clear and convincing evidence or based on an unreasonable evidentiary foundation (Sections 2254(e)(1) and (d)(2); *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003)). But with the state court having refused [the petitioner] an evidentiary hearing, we need not of course defer to the state court's factual findings - if that is indeed how those stated findings should be characterized-when they were made without such a hearing (*Killian v. Poole*, 282 F.3d 1204, 1208 (9th Cir. 2002); *Weaver v. Thompson*, 197 F.3d 359, 363 (9th Cir. 1999)).
>
> While there may be instances where the state court can determine without a hearing that a criminal defendant's allegations are entirely without credibility or that the allegations would

7 - ORDER

>            not justify relief even if proved, that was
>            certainly not the case here (see *United States v.
>            Navarro-Garcia*, 926 F.2d 818, 822 (9th Cir.
>            1991)).
>
>                              * * *
>
>            [T]he state court's decision was objectively
>            unreasonable because that court made factual
>            findings (that is, it drew inferences against
>            Nunes where equally valid inferences could have
>            been made in his favor, and it made credibility
>            determinations) *when it rather claimed to be
>            determining prima facie sufficiency*.

*Id*. at 1055-56 (emphasis added).

      *Nunes* does not stand for the proposition that a PCR court's credibility determination is not binding on this Court whenever the state PCR court does not conduct an evidentiary hearing. In *Nunes* the Ninth Circuit merely concluded the state PCR court erred in making a credibility determination when it indicated it was only determining the *prima facie* sufficiency of the petitioner's claim. *See Nunes*, 350 F.3d 1055, n.7 ("It is particularly unacceptable for [the state PCR] court to have eschewed an evidentiary hearing on the basis that it was accepting [the petitioner's] version of the facts, then to have given the lie to that rationale by discrediting [the petitioner's] credibility and rejecting his assertions.").

      In the matter before this Court, the PCR court conducted a court trial as to Petitioner's claims and took evidence in the form of a declaration and an affidavit. Thus, the state PCR court was engaged in a merits determination rather

8 - ORDER

than merely addressing the *prima facie* sufficiency of Petitioner's claim.  Accordingly, *Nunes* does not establish the state PCR court's credibility determination is not binding on this court merely because the PCR court did not conduct an evidentiary hearing in this context.

In *Taylor* the petitioner was charged with first-degree felony murder and second-degree robbery.  The petitioner's trial attorney moved to suppress the petitioner's confession on the grounds that it was coerced and obtained in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981).  366 F.3d at 988.  The trial court denied the petitioner's motion, and the appeals court affirmed.  *Id*. at 998-99.  The petitioner filed a petition for writ of habeas corpus pursuant to § 2254 in federal court.  The district court denied the petition.  The Ninth Circuit reversed on appeal and concluded the petitioner's conviction was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id*. at 1000.  The Ninth Circuit noted a state-court's fact-finding process may be defective if a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence.  *Id*. at 1001.  The petitioner in *Taylor*, however, asserted the error arose when the state court denied the petitioner's motion to suppress but failed to consider and to weigh relevant evidence that was properly presented to it and

9 - ORDER

made part of the state-court record. *Id*. The Ninth Circuit concluded the state court erred because it failed to "acknowledge significant portions of the record . . . [that were] inconsistent with the judge's findings." *Id*. at 1007. The Ninth Circuit concluded "[f]ailure to consider key aspects of the record is a defect in the fact-finding process." *Id*. at 1008.

Here Petitioner does not allege any evidence or identify any portion of the record that the state PCR court failed to consider or to address in its findings of fact and conclusions of law. Although the Ninth Circuit noted in *dicta* that there are circumstances in which a state-court's fact-finding process may be defective if a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, those circumstances did not form the basis for the Ninth Circuit's decision in *Taylor*.

In addition, as noted, here the state PCR court held a court trial as to Petitioner's state PCR claim and took evidence in the form of a declaration and an affidavit. Accordingly, the Court concludes *Taylor* does not support Petitioner's assertion that the PCR trial court's credibility determination is not binding on this Court.

In summary, this Court has carefully considered Petitioner's Objections and concludes Defendants' Objections do not provide a

10 - ORDER

basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

**II.  Portions of the Findings and Recommendation to which Petitioner does not object.**

As to the portions of the Findings and Recommendation to which Petitioner does not object, this Court is relieved of its obligation to review the record *de novo*. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). *See also* United *States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo*, the Court does not find any error.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#27) and, therefore, **DENIES** Petitioner's Third Amended Petition (#14) for Writ of Habeas Corpus, **DISMISSES** this

11 - ORDER

matter **with prejudice**, and **DENIES** a Certificate of Appealability.

IT IS SO ORDERED.

DATED this 9th day of September, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - ORDER